UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-19(DSD/LIB)

Mark Kedrowski,

       Plaintiff.

v.                                      **ORDER**

Lycoming Engines, a division
of AVCO Corporation, Aero
Associates, Inc., Timothy H.
Henderson, John Doe, and
Jane Doe,

       Defendants.

     This matter is before the court upon the request by plaintiff Mark Kedrowski for a telephonic hearing pursuant to Local Rule 7.3. Kedrowski intends to seek a continuance to conduct additional discovery into jurisdictional and factual issues raised by defendants in their motions to dismiss. A hearing on those motions is scheduled for March 20, 2015.

     The court does not consider matters outside of the pleadings when deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court may consider, however, matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). If the court looks to matters outside this scope, it must treat the motion as one for summary judgment under Rule 56 and give the parties "a reasonable opportunity to present all the material that is

pertinent to the motion." Fed. R. Civ. P. 12(d).

The court may, however, consider matters outside of the pleadings when considering a motion to dismiss for lack of personal or subject matter jurisdiction, without having the motion converted to one for summary judgment. See Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998); Pope v. Elabo GmbH, 588 F. Supp. 2d 1008, 1012-13 (D. Minn. 2008). Here, defendants Aero Accessories, Inc. (Aero) and Timothy Henderson have filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim. See ECF No. 6. Defendant Lycoming Engines (Lycoming) has moved to dismiss for lack of subject-matter jurisdiction, failure to state a claim, and under Colorado River abstention principles. See ECF No. 17.[1]

In support of its motion, defendants Henderson and Aero have submitted declarations by Henderson and Thomas Welsh, an employee at Aero Accessories, Inc. Lycoming has submitted correspondences between the parties' attorneys and the Honorable John D. Guthmann, Ramsey County District Court Judge, which pertain to a state proceeding relating to the instant dispute. Lycoming has also provided an affidavit from Daniel A. Haws, an attorney representing

---

[1] The court is not aware of any authority that prevents it from considering matters outside of the pleadings when deciding a motion to dismiss brought under Colorado River. Rule 12(d) expressly pertains only to motions brought under Rule 12(b)(6). In any event, it appears that much of the material submitted in support of the abstention argument is publically available.

Lycoming in the state proceeding, as well as other publically-filed matters in that proceeding. The court has reviewed these materials, and the memoranda supporting the motions, and finds that any extraneous factual material included therein has no bearing on defendants' arguments under Rule 12(b)(6).[2] As a result, the court does not find that discovery regarding defendants' Rule 12(b)(6) arguments is warranted, even if Kedrowski were to file a formal motion requesting such discovery.

Moreover, the court finds that Kedrowski has not shown at this time that he is entitled to jurisdictional discovery. Typically, jurisdictional discovery will only be permitted where a plaintiff offers some sort of documentary evidence - rather than speculations or conclusory allegations - of a defendant's contacts with a forum state. See Steinbuch v. Cutler, 518 F.3d 580, 589 (8th Cir. 2008); Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004). Kedrowski has included jurisdictional allegations in his complaint. He has not, however, provided the court with any additional documentation. As a result, a hearing to discuss jurisdictional discovery would not be warranted at this time.

Accordingly, **IT IS HEREBY ORDERED** that Kedrowski's request for a telephonic hearing [ECF No. 23] is denied.

---

[2] The court notes that some allegations in the Haws affidavit could support defendants' Rule 12(b)(6) arguments. The court will accordingly disregard those allegations when considering whether Kedrowski has stated a claim.

Dated: February 20, 2014

                                                   s/David S. Doty  
                                                   David S. Doty, Judge  
                                                   United States District Court