UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-19(DSD/LIB)

Mark Kedrowski,

            Plaintiff.

v.                                              **ORDER**

Lycoming Engines, a division
of AVCO Corporation, Aero
Associates, Inc., Timothy H.
Henderson, John Doe, and
Jane Doe,

            Defendants.

 Stephen P. Watters, Esq. and Watters Law Office, 5101
 Thimsen Avenue, Suite 200, Minnetonka, MN 55345; Cortney
 S. LeNeave, Esq. and Hunegs, LeNeave & Kvas, 1000 Twelve
 Oaks Center Drive, #101, Wayzata, MN 55391, counsel for
 plaintiff.

 William L. Moran, Esq. and HKM Law Group, 30 East 7th
 Street, Suite 3200, St. Paul, MN 55101; Elizabeth D.
 Scott, Esq. and Williams Mullen, 301 Fayetteville Street
 Mall, Suite 1700, Raleigh, NC 27601 and Karla M. Vehrs,
 Esq. and Lindquist & Vennum, 4200 IDS Center, 80 South
 Eighth Street, Minneapolis, MN 55402, counsel for
 defendants.


 This matter is before the court upon the motion to amend the

complaint by plaintiff Mark Kedrowski, and the motions to dismiss

and for sanctions by defendants Lycoming Engines, a division of

AVCO Corporation (Lycoming); Aero Accessories, Inc. (Aero); and

Timothy H. Henderson.  Based on a review of the file, record, and

proceedings herein, and for the following reasons, the court grants

the motion to amend, grants the motions to dismiss, and denies the

motions for sanctions.

**BACKGROUND**

This dispute arises out of a December 16, 2014, letter sent to Mark Seader, an airplane mechanic who is scheduled to testify on behalf of Kedrowski in a personal injury action in state court. Kedrowski was piloting a recreational aircraft on September 3, 2010, when the plane's engine allegedly failed. Am. Compl. ¶ 8. The engine, including the fuel pump, was manufactured by Lycoming. Id. ¶ 9. The plane crashed, and Kedrowski suffered severe permanent injuries. Id. ¶ 12. At the time Kedrowski commenced this action, his past and projected medical and other expenses totaled over $7 million. Id. ¶ 15.

Kedrowski asked Seader to conduct an investigation of the crash. Id. ¶ 17-21. Seader concluded that the aircraft's engine failed mid-flight as a result of a defect in the Lycoming fuel pump. Id. ¶ 21. On December 7, 2012, Kedrowski filed an action against Lycoming in Ramsey County District Court, asserting claims for negligence and products liability. Id. ¶ 22. Kedrowski retained Seader as an expert witness, and Seader prepared a report detailing the findings in his investigation (Seader Report). Id. ¶ 59.

In November 2014, Henderson was contacted to review and comment on the Seader Report. Henderson Decl. ¶ 6. Henderson is the president of Aero, a North Carolina corporation that manufactures fuel pumps in competition with Lycoming. Id. ¶¶ 3, 6.

2

The Seader Report was based in part on test data obtained from Aero that was unrelated to the litigation.  Id. ¶ 6.  Henderson took issue with Seader's methods and disagreed with his findings.  Id.

Lycoming subsequently moved to exclude Seader as an expert witness.  Am. Compl. ¶¶ 41, 43.  Daniel Haws, an attorney for Lycoming, asked Henderson to submit an affidavit in support of the motion.  Id. ¶ 44; Henderson Decl. ¶ 7.  Haws provided Henderson a draft of the affidavit, which Henderson revised and executed in North Carolina.  Henderson Decl. ¶ 7.  The state court denied the motion to exclude but prohibited Seader from giving engineering opinions.  Am. Compl. ¶ 45; Haws Aff. Ex. 4, at 8 ¶ 3(c)(ii).

On December 16, 2014, an attorney for Aero sent a letter to Seader criticizing his report.  See Compl. Ex. 5.  The letter stated that "Aero has been dragged into this matter and has incurred damages."  Id. at 2.  Aero demanded that Seader withdraw his report and any related documents and threatened to sue Seader personally if he refused to do so.  Id.  The letter was written in North Carolina, mailed to Seader at his Colorado address, and indicated that a copy was sent to Haws in Minnesota.  Id. Kedrowski alleges that defendants, through the letter, "substantially interfer[ed] with Mr. Seader's ability to provide witness testimony free from fear."  Am. Compl. ¶ 57.  It is

undisputed that Seader has not refused to testify in state court nor indicated that he will limit or change his testimony as a result of the letter.  Haws Aff. ¶ 21.

On January 6, 2015, Kedrowski filed a complaint in this court, asserting claims for (1) tortious interference with contract, (2) tortious interference with prospective economic advantage, (3) intentional interference with business relations, (4) civil conspiracy, (5) intentional infliction of emotional distress, and (6) negligent infliction of emotional distress.  Defendants moved to dismiss on January 5 and February 6, 2015.  ECF Nos. 5, 17. Kedrowski filed an amended complaint as a matter of course on February 27, 2015, and alternatively, moved to amend the complaint. ECF Nos. 26, 40.  Defendants then moved for sanctions.  ECF Nos. 35, 57.

## DISCUSSION

### I.   Motion to Amend

The court first addresses Kedrowski's motion to amend the complaint.  Courts should "freely give leave" to amend a pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The court may deny leave to amend "if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."  Reuter v.

4

Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013).  "[T]he party opposing the motion [to amend] must show it will be unfairly prejudiced."  Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000).

Here, Kedrowski has not exhibited bad faith or dilatory motive in seeking leave to amend.  Rather, the amended complaint includes two minor changes that address jurisdictional deficiencies.  First, Kedrowski omitted the Doe defendants from the complaint to ensure diversity of citizenship.  See Payich v. GGNSC Omaha Oak Grove, LLC, No. 4:12CV3040, 2012 WL 1416693, at *3 (D. Neb. Apr. 24, 2012) (noting a split of authority on how to treat unidentified defendants for purposes of original diversity jurisdiction). Kedrowski also added a paragraph intended to support a finding of specific personal jurisdiction under Minnesota's long-arm statute. Am. Compl. ¶ 7.

Defendants have not shown that they would be prejudiced as a result of these changes.  Indeed, defendants adapted their motions to dismiss to address the amended complaint, and they have not re-briefed the motions or rescheduled hearings at additional expense. Further, although the changes made to the complaint do not cure its deficiencies, amendment would avoid the procedural anomaly of having multiple complaints go forward.  As a result, the court grants the motion to amend.

5

## II.  Motions to Dismiss

### A.  Personal Jurisdiction

Aero and Henderson argue that dismissal is warranted for lack of personal jurisdiction.  The court agrees.  To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of establishing a prima facie case that the forum state has personal jurisdiction over the defendant.  See Coen v. Coen, 509 F.3d 900, 904 (8th Cir. 2007).  In the absence of an evidentiary hearing, a court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party."  Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citation omitted).  A federal court may assume jurisdiction over a nonresident defendant "only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause."  Romak USA, Inc. v. Rich, 384 F.3d 979, 984 (8th Cir. 2004) (citation and internal quotation marks omitted).  Because the Minnesota long-arm statute "confers jurisdiction to the fullest extent permitted by the Due Process Clause," the court need only consider due process requirements. See Coen, 509 F.3d at 905 (citation omitted).

To satisfy due process, a defendant must have "sufficient minimum contacts" with the forum state such that maintaining the suit "does not offend traditional notions of fair play and substantial justice." Romak, 384 F.3d at 984 (citation omitted).

"Sufficient contacts exist when [a] defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there ...." <u>Coen</u>, 509 F.3d at 905 (citation and internal quotation marks omitted).

Contacts with the forum state can establish either general or specific personal jurisdiction. A forum state has specific jurisdiction when the cause of action "arise[s] out of" or "relate[s] to" a defendant's activities within that state. <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (internal quotation marks omitted). General jurisdiction is present when, regardless of the cause of action, a defendant has "continuous and systematic contacts with the forum state." <u>Coen</u>, 509 F.3d at 905 (internal quotation marks omitted). Under either analysis, the Eighth Circuit considers five factors in determining whether personal jurisdiction is present: "(1) the nature and quality of defendant's contacts with the forum state; (2) quantity of contacts; (3) source and connection of the cause of action with those contacts; and to a lesser degree, (4) the interest of the forum state; and (5) the convenience of the parties." <u>Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.</u>, 65 F.3d 1427, 1432 (8th Cir. 1995).

Henderson is a citizen and resident of North Carolina, and Aero is a North Carolina corporation. Am. Compl. ¶¶ 3-4. Neither has any continuous or systematic contacts with Minnesota that would

be sufficient to establish general personal jurisdiction, as they have not recently traveled to, conducted business or owned property in, or had any other regular dealings with the state.[1]   Henderson Decl. ¶¶ 2-4; Welsh Decl. ¶¶ 5-6.  Kedrowski argues, however, that specific personal jurisdiction exists because the letter was intended to harm a Minnesota resident and interfere with a Minnesota proceeding.  See Minn. Stat. § 543.19, subd. 1(3) (conferring jurisdiction where a defendant "commits any act outside Minnesota causing injury or property damage in Minnesota").  Further, Kedrowski notes that the Aero attorney who drafted the letter contacted Lycoming's Minnesota counsel on at least one occasion to discuss the withdrawal of the Seader Report.  Haws Aff. ¶ 12.

The court finds that the conduct surrounding the letter is insufficient to confer personal jurisdiction over Aero and Henderson.  The letter was sent on behalf of a North Carolina resident and corporation to a non-party citizen of Colorado.

---

[1] Kedrowski argues that discovery is needed before the court can determine whether it has general personal jurisdiction over Aero and Henderson.  Kedrowski does not dispute the allegations made by Aero and Henderson regarding their limited contacts with Minnesota.  Instead, he argues that more information is needed regarding Aero's sales into the Minnesota market.  Simply selling products in the forum state, without more, is insufficient to establish general personal jurisdiction.  See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 597-98 (8th Cir. 2011).  Moreover, as stated in the court's February 20, 2015, order, Kedrowski has not offered any evidence of jurisdiction that would entitle him to discovery.  See ECF No. 25.  As a result, jurisdictional discovery is not warranted.

Jurisdiction may exist over a non-resident defendant who commits acts outside of the forum state, so long as those acts are performed "for the very purpose of having their consequences felt in the forum state." Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (citation and internal quotation marks omitted). Absent additional contacts, however, "mere effects in the forum state are insufficient to confer personal jurisdiction." Id. at 797. The additional communications made between Aero and Lycoming attorneys regarding the letter do not constitute sufficient "additional contacts" that would support a finding of jurisdiction. See Digi-Tel Holdings, Inc. v. Proteq Telecomm. (PTE), Ltd., 89 F.3d 519, 523 (8th Cir. 1996) ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not by themselves establish jurisdiction."). Moreover, because there is no indication that Seader will withdraw or limit his testimony, it does not appear that the letter caused harm in Minnesota at all.

Kedrowski also argues that personal jurisdiction exists over Aero and Henderson because (1) Henderson appeared in Minnesota by submitting an affidavit in the state action and (2) attorneys for Henderson and Aero communicated with Lycoming in connection with that affidavit. This particular dispute, however, does not pertain to harm arising out of the limited participation of Aero and Henderson in the Minnesota action. Instead, it arises out of the letter and an alleged conspiracy to wrongfully preclude Seader's

testimony.   Any contacts unrelated to that activity cannot establish specific personal jurisdiction.  <u>See</u> <u>Workman Sec. Corp.</u> <u>v. Phillip Roy Fin. Servs., LLC</u>, No. 09-CV-1723, 2010 WL 155525, at *4 (D. Minn. Jan. 11, 2010) (finding it irrelevant to jurisdictional analysis that a non-resident defendant sold plaintiff's products in Minnesota, as those products were not involved in the dispute).  As a result, the court lacks personal jurisdiction over Aero and Henderson.

### B.   Subject Matter Jurisdiction

Lycoming argues that dismissal is also warranted for lack of subject matter jurisdiction, because Kedrowski has not adequately pleaded an amount in controversy greater than $75,000.  "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  <u>Scottsdale Ins. Co. v.</u> <u>Universal Crop Protection Alliance, LLC</u>, 620 F.3d 926, 931 (8th Cir. 2010) (citation and internal quotation marks omitted).  "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence."  <u>Kopp v. Kopp</u>, 280 F.3d 883, 884-85 (8th Cir. 2002).  "[T]he proponent of federal jurisdiction must show that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed

jurisdictional amount." Id. at 485 (citation and internal quotation marks omitted).

Kedrowski argues that, in light of the significant damages sought in his state action, he is required to obtain experts whose fees exceed $75,000. If Seader does not testify in the state action or if he withdraws his report, Kedrowski argues that he will have to retain a substitute expert or likely lose the case, and that either scenario will result in damages greater than $75,000. As previously mentioned, however, Kedrowski's pleadings do not allege that Seader has actually limited his testimony or withdrawn his report, or that his testimony will have any reduced pecuniary value as a result of the letter. Kedrowski cannot establish the required jurisdictional amount by pointing to speculative damages based on theoretical harm.

Kedrowski also argues that defendants have caused him "severe emotional distress ... including but not limited to substantial fright, extraordinary stress, anxiety and apprehension culminating in severe damages and pain and suffering." Am. Compl. ¶¶ 88, 94. Such conclusory allegations, however, are insufficient to establish the jurisdictional amount by a preponderance of the evidence. As a result, it appears to a legal certainty that the amount in controversy is less than $75,000, and that subject matter jurisdiction is lacking.

C.   **Dismissal Under Rule 12(b)(6)**

Defendants also argue that, even if the court has jurisdiction, dismissal is warranted because Kedrowski has not adequately pleaded claims for relief.  The court agrees.  To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

As stated, Kedrowski does not allege that Seader limited his testimony or that he breached his agreement to appear as an expert witness in the state action.  As a result, the claims for tortious interference with contract, tortious interference with prospective economic advantage, and intentional interference with business

12

relations fail as a matter of law. See Lamminen v. City of
Cloquet, 987 F. Supp. 723, 731 (D. Minn. 1997) (requiring plaintiff
to have sustained damages as a result of defendant's interference);
Gieseke ex rel. Diversified Water Div., Inc. v. IDCA, Inc., 844
N.W.2d 210, 219 (Minn. 2014) (same); St. Jude Med., Inc. v.
Medtronic, Inc., 536 N.W.2d 24, 30 n.6 (Minn. Ct. App. 1995)
(requiring defendant's conduct to induce a breach of contract).
Moreover, Kedrowski's generic and conclusory allegations of
emotional harm - especially in the absence of physical
manifestations - are insufficient to support his claims for
intentional and negligent infliction of emotional distress. See
Engler v. Ill. Farmers Ins. Co., 706 N.W.2d 764, 767 (Minn. 2005)
(requiring plaintiff who alleges NIED claim to suffer "severe
emotional distress with attendant physical manifestations"); Albert
v. Indep. Sch. Dist. No. 709, No. A12-1516, 2013 WL 1500986, at *4
(Minn. Ct. App. Apr. 15, 2013) (finding plaintiff's allegation that
she "suffered severe emotional distress, pain and suffering, fear,
anxiety, embarrassment, discomfort, and humiliation" to be
conclusory and insufficiently severe to support IIED claim).
Finally, because Kedrowski has not adequately alleged that
defendants engaged in unlawful acts, the claim for civil conspiracy
fails as well. See SICK, Inc. v. Motion Control Corp., No. 01-
1496, 2003 WL 21448864, at *10 (D. Minn. June 19, 2003) (noting
"that civil conspiracy must be based upon a criminal act or an

underlying intentional tort"). As a result, dismissal is also warranted for failure to state a claim.

## III.   Sanctions

Defendants next move for sanctions under Rule 11. Rule 11 sanctions may be appropriate when a pleading, written motion, or other paper (1) is submitted to the court for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is not supported by existing law or a nonfrivolous argument for the extension, modification, or reversal of existing law; or (3) if the allegations contained therein lack support. See Fed. R. Civ. P. 11(b)(1)-(3). To satisfy the requirements of Rule 11, an attorney must conduct a reasonable inquiry into the factual and legal basis for the claim. Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003). In determining whether sanctions are appropriate, the court considers "whether a reasonable and competent attorney would believe in the merit of [the] argument." Id. (citations and internal quotation marks omitted).

Although the court is convinced that it lacks jurisdiction over this matter and that Kedrowski has failed to state a claim for relief, the court does not find that sanctions under Rule 11 are warranted. Under Minnesota law, Kedrowski is required to plead breach of contract or actual refusal to testify by Seader to establish his tort claims. It was not unreasonable, however, for

14

Kedrowski to argue that the letter had a chilling effect on Seader's proposed testimony that may well have led him to withdraw from the case.  Such an argument, though unsuccessful, is not so far afield as to rise to the level of a Rule 11 violation.  <u>See Charland v. Little Six, Inc.</u>, 112 F. Supp. 2d 858, 867 (D. Minn. 2000) (noting that Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories"). Further, Kedrowski had a good faith basis to believe that the court may have jurisdiction over Aero and Henderson, given their participation in the Minnesota action and communications with Lycoming regarding Seader's testimony.  As a result, the court declines to impose sanctions under Rule 11.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.    The motions to dismiss [ECF Nos. 5, 17] are granted;

2.    The motion to strike the amended complaint [ECF No. 30] is denied;

3.    The motions for sanctions [ECF Nos. 35, 57] are denied;

4.    The motion to amend the complaint [ECF No. 40] is granted; and

15

    5.    The motion to strike the reply [ECF No. 52] is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  May 11, 2015

                                   s/David S. Doty
                                   David S. Doty, Judge
                                   United States District Court